IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TINA EMERSON                                                                                          PLAINTIFF

    v.                          Civil No. 6:08-cv-06050

THE STATE OF ARKANSAS                                                                     DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tina Emerson (hereinafter Emerson) brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was filed *in forma pauperis* and it is now determined whether it should be served upon the Defendant. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On May 13, 2008, I entered an order (Doc. 4) directing Emerson to sign and return an addendum to her complaint. The court received the addendum (Doc. 5) on May 19, 2008.

### I. Background

Emerson contends her constitutional rights were violated on March 10, 2008, when she was arrested and charged with failing to register as a sex offender in the State of Arkansas in violation of Ark. Code Ann. § 12-12-904 (Supp. 2007). *Addendum* at ¶ 1 & ¶ 4. She alleges she spent one night in jail. *Id.* She indicates the officer who received the registration form she was required to complete was Sgt. Smith with the Code Enforcement Office in Arkadelphia, Arkansas. *Id.* at ¶ 2.

Emerson bonded out of jail after one night and retained an attorney, Brian Trubitt, to represent her and enter her not guilty plea. *Addendum* at ¶ 2. Her next court appearance on the charge is June 2, 2008. *Id.* Emerson maintains she is not required to register under Arkansas law

and that the Arkansas law enforcement does not understand the nature of the crime she was convicted of in Louisiana.

Emerson alleges she was convicted in the State of Louisiana in 2003. *Complaint* at page 2 & *Addendum* at ¶ 4. She states this conviction has been on appeal for eight years. *Addendum* at ¶ 3. She states she "refuse[s] to expunge" the conviction and seeks only acquittal. *Id.*

Emerson states she was required to register as a sex offender in Arkansas and then ask for a hearing. *Addendum* at ¶ 6. She asks this court to declare the registry invalid. *Id. See also Complaint*.

## II. Discussion

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871.

> If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113. *See also Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999)(extending *Heck* to the pre-conviction context).

To the extent Emerson's claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Emerson's claims stem from the fact that she was arrested and charged with failure to register as a sex offender in Arkansas. This charge is currently pending. To allow Emerson's action to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. Emerson also has the right under Arkansas law to a hearing on her right to terminate her obligation to register under the Sexual Offender Registration Act, Ark. Code Ann. § 12-12-919 (Supp. 2007). Thus, Emerson has the opportunity to raise all issues asserted in her complaint in state court. Abstention is therefore appropriate.

### III. Conclusion

I therefore recommend Emerson's claims be dismissed on the grounds they are barred by *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). To the extent not barred by *Heck*, I recommend Emerson's claims be stayed and administratively terminated. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999)(stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional). Emerson may reopen her claims after the conclusion of the state criminal case.

**Emerson has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Emerson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of May 2008.

        /s/ Barry A. Bryant
        BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE